**ASSURANCE ALLIANCE, INC., Plaintiff,**

v.

**KUJAK TRANSPORT, INC., Defendant.**

**No. 93 C 3996.**

United States District Court,
N.D. Illinois, E.D.

Sept. 2, 1993.

Patrick J. Leston, Oakbrook Terrace, IL, for plaintiff.

Kenneth I. Markham, Evanston, IL, for defendant.

### MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Kujak Transport, Inc. ("Kujak") has filed its Answer to the two-count Complaint brought against it by Assurance Alliance, Inc. ("Assurance"). Based on a review of Assurance's Complaint and its attached exhibits in light of Kujak's Answer,[1] this Court dismisses this action for lack of subject matter jurisdiction.

Complaint Count I seeks to recover $48,190.50 in unpaid insurance premiums, while Count II seeks Kujak's payment of either $34,495.30 or $28,560.85 because of its con-

---

1. This Court always undertakes an immediate review of newly-filed complaints; see *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir.1986):

The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged.

Where as here a jurisdictional problem is revealed by a responsive pleading, that basic obligation of course continues.

tract obligations to Assurance.[2] Even though the *sum* of those amounts is of course greater than the $50,000–plus figure that must be in issue to support federal jurisdiction under 28 U.S.C. § 1332(a),[3] the documents that underlie the Complaint clearly show that the amount in controversy between Assurance and Kujak does not reach that jurisdictional level.

■ That conclusion does not of course follow from the mere fact that each count falls below the $50,000–plus level. That individual shortfall would not matter if Assurance were the proper plaintiff on both claims, for then the claims could be aggregated to satisfy the jurisdictional amount: Fed. R.Civ.P. ("Rule") 18(a) expressly permits the joinder of even unrelated claims in a two-party lawsuit, and 6A Charles Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1588, at 535 (2d ed. 1990) succinctly states the rule supported by the numerous cases footnoted there:

> The general rule is that in an action involving a single plaintiff and a single defendant, a party may aggregate all the claims he has against an opposing party in order to satisfy the requisite jurisdictional amount.

But if on the other hand Assurance is *not* the real party in interest (see Rule 17(a)) as to either count, the two claims cannot be aggregated and this action must be dismissed—as explained a bit later, that is merely a specific application of another general rule that our Court of Appeals has stated with equal succinctness in *Griffith v. Sealtite Corp.,* 903 F.2d 495, 498 (7th Cir.1990):

> Multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount; they cannot aggregate "claims where none of the claimants satisfies the jurisdictional amount." *Zahn v. International Paper Co.,* 414 U.S. 291,

294–95 [94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973)].

■ With Kujak having challenged the existence of subject matter jurisdiction, this Court has gone below the surface of Assurance's allegations to examine the underlying documents attached to the Complaint. Those papers expressly disclose that the insurance policy whose premiums are unpaid according to Count I is a contract to which Assurance is not a party at all. Indeed, Complaint Count I ¶ 5 really *confirms* that: It simply says that Assurance "provided insurance coverage through a policy issued by National Union Fire Insurance Company of Pittsburgh, Pennsylvania...." And the policy itself (Complaint Ex. A) expressly shows National Union as the contracting insurer, with Assurance identified only as the "Producer" (that is, as the insurance agent or broker). Each endorsement to the policy likewise reflects that it is issued by National Union and not by Assurance.

■ Thus although this Court's threshold examination of the Complaint did not reveal the fatally flawed situation, a closer look at the attached documents (most importantly, at the policy itself) discloses beyond dispute that National Union and not Assurance is the real party in interest under Count I. And just as "the citizenship of the real party in interest is determinative in deciding whether the district court has diversity jurisdiction" (*Betar v. De Havilland Aircraft of Canada, Ltd.,* 603 F.2d 30, 32 (7th Cir.1979), citing and quoting what is now 6A Wright, Miller & Kane § 1556, at 419), so the same course of analysis calls for looking at that real party (here National Union) and not at the nominal party (here Assurance) for all other jurisdictional purposes.[4]

That being so, subject matter jurisdiction is lacking despite the existence of diverse citizenship—and that defect is not subject to cure, as might otherwise be permitted under

---

**2.** Count II ¶ 8 states the former figure, while the prayer for relief following Count II states the latter amount. Even though no explanation of the discrepancy is provided, it makes no difference which figure is right for current purposes. Jurisdiction is lacking in either event.

**3.** All further references to Title 28's provisions will simply take the form "Section—."

**4.** It is thus immaterial that Assurance may be suing with the blessing of its principal, National Union. This opinion assumes that to be true, but it makes no difference in the result.

Section 1653. This action is therefore dismissed for lack of subject matter jurisdiction.