**Denis TOKARZ and Shirley Tokarz**

v.

**TEXACO PIPELINE, INC., & Texaco Refining and Marketing, Inc., and Tri–Fab Construction Co.**

No. 93·C 5501.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 13, 1993.

Neil D. O'Connor, Chicago, IL, for Tokarz.

Joseph A. Girardi, O'Connor, Schiff & Myers, Chicago, IL, for Texaco.

No appearance, for Tri–Fab.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Texaco Pipeline, Inc. ("Pipeline") and Texaco Refining and Marketing, Inc. ("Refining") have joined in filing a Notice of Removal ("Notice") of this action to this District Court from the Circuit Court of Cook County, Illinois—more precisely from its Municipal Department, Sixth Municipal District. Although Notice ¶ 3 properly sets out the required diversity of citizenship[1] and although the Notice was timely filed, this Court is constrained to remand this action to the state court for lack of subject matter jurisdiction—more specifically, because of the absence of the requisite amount in controversy.

This Court has already expressed its views on the troublesome problem posed by the prohibition of Illinois law against quantifying in a complaint the specific ad damnum sought by plaintiffs in personal injury cases, as that prohibition impacts on the necessary determination of the jurisdictional amount in controversy for removal purposes (*Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 371–78 (7th Cir. 1993)). Because that view did not carry the day, this Court will of course adhere to the principles announced by the majority in that case (*id.* at 366–68). But in that respect this action is critically different from the one at issue in *Shaw* (even though it is also illustrative of the problem that this Court sought to identify there).

■ In this case each of the Tokarzes—Denis in Count I, brought under the Illinois Structural Work Act, and Shirley in Count II, sounding in loss of consortium—has specified a claim of $29,999.99. That amount is $.01 below the watershed that establishes jurisdiction of the Municipal Department in contrast to that of the Circuit Court's Law Division (see Circuit Court General Orders 2.1 and 2.2(b)(ii)). Because each Tokarz

---

1. For current purposes this Court accepts the Pipeline–Refining contention that the joinder of Tri–Fab Construction Co. ("Tri–Fab") by plaintiffs Denis and Shirley Tokarz (collectively "To-karzes") as a "respondent in discovery" under 735 ILCS 5/2–402 does not destroy diversity, even if Tri–Fab were to share Tokarzes' Indiana citizenship.

must establish federal jurisdiction independently, the jurisdictional amount cannot be satisfied by toting up their individual claims—as succinctly stated in *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir. 1990):

> Multiple plaintiffs with separate and distinct claims must each satisfy the jurisdictional amount; they cannot aggregate "claims where none of the claimants satisfies the jurisdictional amount." *Zahn v. International Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 [ (1973) ].

■ Thus each of the Tokarzes has expressly limited his or her damages to an amount insufficient for federal jurisdiction, and has done so in a manner specifically permitted by 735 ILCS 5/2–604. And that deliberate choice by Tokarzes at the outset of their action precludes the current removal by Pipeline and Refining (*St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592–93, 82 L.Ed. 845 (1938), quoted by this Court in *Shaw*, 994 F.2d at 374).

Accordingly the express teaching of the Supreme Court in *St. Paul Mercury Indemnity* is that "it appears that the district court lacks subject matter jurisdiction" (28 U.S.C. § 1447(c)), and that same statutory section therefore mandates the remand of this action to the Circuit Court of Cook County.[2] As permitted by this District Court's General Rule 30(b), the certified copy of the remand order shall be mailed forthwith.

---

**2.** If of course Tokarzes were to raise their sights above the $50,000 federal jurisdictional floor at some future time, 28 U.S.C. § 1446(b) may permit removal then. And if Pipeline and Refining are concerned as to the one-year limit on removal established by that statute, they are free at any time to follow the procedure suggested by this Court in *Shaw*, 994 F.2d at 374, 376, recognized by the majority there as "eminently sensible" (*id.* at 367).