**Tera M. HALL, Plaintiff,**

v.

**ITT FINANCIAL SERVICES,
et al., Defendants.**

**Civ. A. No. 94–T–636–N.**

United States District Court,
M.D. Alabama,
Northern Division.

June 16, 1994.

---

Jere L. Beasley, Beasley, Wilson, Allen, Main & Crow, P.C., Montgomery, Andrew P. Campbell, Shawn Hill Crook, Leitman, Sie-gal, Payne & Campbell, Birmingham, Garve Ivey, Jr., Wilson & King, Jasper, AL, for Tera M. Hall.

Horace G. Williams, Eufaula, Thomas H. Brown, James A. Harris, Jr., Harris & Brown, Birmingham, AL, for ITT Financial Services, ITT Lyndon Life Ins. Co.

## *ORDER*

MYRON H. THOMPSON, Chief Judge.

This cause, which was removed from state court to this federal court based on diversity-of-citizenship jurisdiction, 28 U.S.C.A. §§ 1332, 1441, is now before the court on a motion to remand filed by plaintiff Tera M. Hall. Hall contends that the jurisdictional amount necessary to confer diversity jurisdiction is missing. For the reasons that follow, the court concludes that Hall's motion should be granted.

### I. BACKGROUND

Hall originally filed this lawsuit in the Circuit Court of Barbour County, Alabama, charging defendants ITT Financial Services and ITT Lyndon Life Insurance Company with several state-law claims, including breach of contract, fraud, outrage, and unconscionability relating to the purchase of credit life insurance as a part of a loan transaction. Hall brings this lawsuit on behalf of herself and on behalf of a class of other persons with similar claims. She and defendants estimate that the class could be as large as several thousand persons. The complaint seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

### II. DISCUSSION

Defendants contend that removal is appropriate based on diversity of citizenship. Hall concedes that the diversity of citizenship required by § 1332 is met in this case, but maintains that the jurisdictional amount in controversy is missing. Section 1332 requires that the amount involved, exclusive of interest and costs, exceed $50,000. Defendants contend (a) that the compensatory and punitive damages sought by each class member meets the jurisdictional amount require-

ment; (b) that, if aggregated, the cost of its compliance with the injunctive and declaratory relief sought would far exceed the total sum of $50,000; and (c) that the punitive damages sought should be attributed to the class as a whole and treated as a "common fund" in order to meet the jurisdictional requirement.

### A.

■ Defendants correctly observe that Hall may not reduce the amount involved after removal so as to defeat removal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938). The court, however, is convinced from the evidence presented that Hall never intended at the time this case was filed, and still does not intend, to claim for herself and for the individual members of the putative plaintiff class separate amounts (including both compensatory and punitive damages) equal to $50,000. In her original complaint, she stated that "no single class member has damages that equal or exceed fifty thousand dollars ($50,000)," [1] and in her brief filed in support of remand she reaffirmed that she "does not seek and shall not accept a recovery on behalf of herself or any class member greater than Fifty Thousand Dollars ($50,000.00) including compensatory and punitive damages." [2]

Defendants question whether a plaintiff may unilaterally restrict the recovery of members of the class she seeks to represent. The court need not and does not reach this issue. It may be that a plaintiff cannot make such a restriction. However, such a restriction might be a reason to deny class certification; in other words, the state court could conclude, after remand, that Hall is not an adequate class representative. This court should not, however, force a plaintiff to seek more money than she wants.

Defendants also challenge whether, in seeking a remand, Hall has argued the cor-rect "legal standard" and placed the "burden of proof" on the correct party. Whatever legal standard is applied and whoever bears the burden of proof, the court is still convinced that Hall has not sought and does not seek more than $50,000 in compensatory and punitive damages for herself separately and for each putative class member.

### B.

■ As stated, defendants also maintain that the injunctive and declaratory relief sought by Hall in her complaint constitutes a "common and undivided interest" of all class members. Therefore, according to defendants, the aggregate value of the injunction may be considered in determining the amount in controversy. It is well-established that in cases, where none of the plaintiffs satisfies the jurisdictional requirement of § 1332, the separate and distinct claims of multiple plaintiffs cannot be aggregated to satisfy the jurisdictional amount. Multiple plaintiffs may aggregate their claims only if they seek to enforce a single title or right in which they have a common and undivided interest. *Zahn v. Int'l Paper Co.*, 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973); *Snyder v. Harris*, 394 U.S. 332, 335–37, 89 S.Ct. 1053, 1056–57, 22 L.Ed.2d 319 (1969); *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 9, 56 L.Ed. 81 (1911).[3]

Although no single test has been established to determine whether a claim for relief is a "common and undivided interest," *see Lailhengue v. Mobil Oil Corp.*, 775 F.Supp. 908, 911 (E.D.La.1991), claims asserted in suits for breach of contract are generally considered to be separate and distinct. *See, e.g., More v. Intelcom Support Services, Inc.*, 960 F.2d 466, 473 (5th Cir.1992); *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir. 1990); *Burns v. Massachusetts Mutual Life Ins. Co.*, 820 F.2d 246, 250 (8th Cir.1987).[4]

---

1. Plaintiff's complaint filed on May 6, 1994, at 7.

2. Plaintiff's brief filed on June 3, 1994, at 1–2.

3. In *Snyder v. Harris*, the Supreme Court specifically held that the limitations on aggregations are applicable to class actions. 394 U.S. at 339–341, 89 S.Ct. at 1058–59.

4. *Compare with Berman v. Narragansett Racing Ass'n*, 414 F.2d 311 (1st Cir.1969) (finding plaintiffs' claims to consist of integrated right where there were no contractual rights between the

In this case, relief is sought for the breach of separate insurance contracts. Each putative class member entered into a contract with defendants, and, in theory, each could bring an individual action for defendants' breach of contract.

■ That Hall and the putative class have sought declaratory and injunctive relief, in addition to compensatory damages, does not affect the nature of right asserted. *Snow v. Ford Motor Co.*, 561 F.2d 787, 790 (9th Cir. 1977). The equitable relief sought is "but a means through which the individual claims may be satisfied." *Id.* (citation omitted). In this case, Hall has requested a declaration that defendants set credit life insurance premiums that were artificially high, that they sold more insurance than was necessary to pay off the underlying debt, and that they misrepresented material facts. She has sought such relief so that she and other class members may avoid injury to themselves separately. The court thus finds that the claims of the class members in this case are separate and distinct and may not be aggregated to satisfy the jurisdictional amount.

Admittedly, Hall has also asserted additional claims for fraud, outrage, and unconscionability. However, these additional claims are derivative of her contract claim—that is, they grow out of her contractual relationship with defendants. The above observations therefore apply to these additional claims to the same extent as they apply to her contract claim.

### C.

■ Defendants also contend that the prayer in Hall's complaint for punitive damages may be aggregated to satisfy the jurisdictional amount because the class seeks to create a common fund of punitive damages in which the class members may share. According to defendants, the class has a common and undivided interest in their recovery of punitive damages against it.

In some instances, lower courts have allowed the aggregation of punitive damages to meet the jurisdictional amount. *See, e.g., Lailhengue v. Mobil Oil Corp.*, 775 F.Supp. 908, 913–14 (E.D.La.1991); *Martin v. Gran-*

*ite City Steel Corp.*, 596 F.Supp. 293, 297 (S.D.Ill.1984). However, in those cases, the plaintiffs' right to punitive damages arose from a single event or act of conduct by the defendant, such as a mass tort. They did not involve separate and discrete claims based on contractual rights. As discussed above, the claims for relief in this case are based on individual contracts and cannot be considered to constitute an integrated right against defendants. Defendants' alleged breach of contract, fraud, outrage, and unconscionability result in a separate and distinct liability to each class member, and each class member is, in theory, entitled to an award of punitive damages. The court therefore concludes that the claims for punitive damages cannot be aggregated and attributed to the class as a whole to meet the jurisdictional amount. Because the claims are separate and independent, the punitive damages should be attributed to each class member on a pro rata basis to determine the jurisdictional amount. *See, e.g., Lindsey v. Alabama Tel. Co.*, 576 F.2d 593, 595 (5th Cir.1978).

For the reasons discussed above, the court concludes that Hall has in "good faith" represented that neither she nor any of the other putative class members have sought, or intend to seek, relief in excess of the jurisdictional amount. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. at 288, 58 S.Ct. at 590.

parties), *cert. denied,* 396 U.S. 1037, 90 S.Ct. 682,

24 L.Ed.2d 681 (1970).