**Jackie PARHAM; Freddie Powell; and Lonnie Morgan, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**STOUFFER FOODS CORPORATION, INC., et al., Defendants.**

No. 95–D–157–N.

United States District Court, M.D. Alabama, Northern Division.

Feb. 17, 1995.

Walker Percy Badham, III, Jeffrey M. Grantham, Birmingham, AL, Randall Start Haynes, Larry Wade Morris, Alexander City, AL, for plaintiffs.

Susan Donovan Josey, James F. Archibald, III, Birmingham, AL, Peter E. Moll, Eberhard W. Pfaller, Jr., Washington, DC, for defendants.

## *MEMORANDUM OPINION AND ORDER*

De MENT, District Judge.

Before the Court is Plaintiffs' Motion to Remand the above-styled cause to the Circuit Court of Elmore County, Alabama, filed February 10, 1995. Defendant Nestle Frozen Food Company (hereinafter "Nestle")[1] timely filed a notice of removal to this court pursuant to 28 U.S.C. § 1441(a), contending that this court has jurisdiction under 28 U.S.C. § 1332(a). For reasons expressed herein, Plaintiff's motion is due to be granted.

### CONTROLLING FACTS

Plaintiffs, Jackie Parham, Freddie Powell and Lonnie Morgan instituted this class ac-

**1.** Defendant asserts that Plaintiffs incorrectly named it in the caption.

tion lawsuit in the Circuit Court of Elmore County, Alabama. Plaintiffs seek compensatory and consequential damages for alleged conspiracy, fraud and misrepresentation, negligent misrepresentation and breach of contract. Plaintiffs contend that Defendant intentionally misled consumers regarding the amount of sodium contained in its "Lean Cuisine" frozen food line.

Plaintiffs pleaded and have stipulated that the jurisdictional requisite mandated by 28 U.S.C. § 1332 is not present. In their complaint, Plaintiffs explicitly demand "damages *in total* not to exceed $49,000.00 per plaintiff and class member, plus fees and costs." (Pl.'s Compl. at page 18) (Italics supplied). Plaintiffs reiterated this stipulation in their motion to remand. (Pl.'s Mot. to Rem. at 2).

On February 2, 1995, Nestle filed a notice of removal to the United States District Court for the Middle District of Alabama, Northern Division.

## DISCUSSION & ANALYSIS

At dispute is not whether complete diversity between the parties exists, but whether the jurisdictionally requisite amount in controversy, greater than FIFTY THOUSAND DOLLARS ($50,000.00), is satisfied. *See* 28 U.S.C. § 1332(a). In order for the court to properly assert jurisdiction, the defendant must demonstrate to a legal certainty that the amount in controversy exceeds $50,-000.00. *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir.1994).

Defendant contends that the court should aggregate the claims of the plaintiff class, which would confer jurisdiction on this court. Defendant asserts that while Plaintiffs waive damages in excess of $49,000 for individual class members, they do not purport to waive damages in excess of the entire putative class. Defendant avers that this practice is improper and an attempt to thwart the proper jurisdiction of this court because the lump sum of punitive damages will transcend $50,-000. Defendant claims that punitive damages is a single undivided award prompted by a desire to deter inappropriate conduct. Moreover, Defendant also argues that, based on the certification, the plaintiff class has a common and undivided interest in the punitive damage award sought by the plaintiffs.

Defendant also attacks the principle of unilateral restriction of damages. Nestle claims that this practice by the class representatives is invalid. Nestle points to the learned Judge Propst's decision in *Reeves v. Discover Card Services, Inc.*, No. 94–U–1450–J (N.D.Ala. Aug. 19, 1994). In *Reeves*, the court held that purported class representatives cannot unilaterally restrict the amount of punitive damages that class members might receive.

However, as Defendant has pointed out in its notice of removal, this court has reached different results in cases of this variety. In *Hall v. ITT Financial Services*, No. 94–T–636–N (M.D.Ala. June 16, 1994) (Thompson, J.) the court noted that cases in which lower courts have allowed the aggregation of punitive damages to meet the jurisdictional requirement involved a single event or act of conduct by the defendant. *See Hall* at 3 (citations omitted). The court in Hall reasoned that the claims before it involved separate and discreet claims based on contractual rights and concluded that because the claims are separate and independent, the punitive damages should be arrogated to each class member on a pro rata basis in determining the jurisdictional amount. This court reached the same conclusion in *Teal v. Associates Financial Life Insurance Co.*, No. 94–D–732–N (M.D.Ala. Sept. 29, 1994) (De Ment, J.) and *Freeman v. Transouth Financial Corp.*, No. 94–D–731–N (M.D.Ala. Oct. 3, 1994) (De Ment, J.).

The action before the court does not involve a single wrong, as is the scenario with a mass tort. The putative class members assert that they were independently and separately wronged by the alleged false and deceptive practice(s) of Defendant. Plaintiffs also allege that the purported wrongs flowed from separate and distinct breaches of contract. As such, the resulting harm cannot constitute the product of a solitary event or act.

The court is not so soon and readily removed from its established precedent; therefore, the court finds that the above-styled

action is due to be remanded to the Circuit Court of Elmore County, Alabama.[2]

### CONCLUSION

Because the court finds that aggregation is not permitted in this case, the court finds that Defendant has failed to demonstrate to a legal certainty that damages sought by Plaintiff in this action exceed the jurisdictional amount of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest and costs.

Moreover, Plaintiffs stipulate that they will neither request nor accept damages in excess of $50,000.00. The Court admonishes Plaintiffs that should they dishonor their stipulation and either seek or accept individual damages exceeding $50,000.00, upon application to this court, *sanctions will be swift in coming and painful upon arrival.* See *State Farm Fire and Casualty Co. v. Dunnam*, No. 90–0090–BH (S.D.Ala. May 16, 1990). Accordingly, it is

CONSIDERED and ORDERED that Plaintiffs' Motion to Remand this action to the Circuit Court of Elmore County, Alabama, be and the same is hereby GRANTED.

The clerk is DIRECTED to take the necessary action to effect said REMAND.

---

**2.** The court notes that the United States Eleventh Circuit has not determined the issue before the court. While division exists among the federal districts, the Court finds that its result is well-principled, as the federal courts are tribunals of limited jurisdiction.