**Deland L. KIRKLAND, Plaintiff,**

v.

**MONTGOMERY WARD & CO., INC.; Montgomery Ward Credit Corp.; and Montgomery Ward Life Insurance Co., Defendants.**

Civ. A. No. 95–D–224–N.

United States District Court, M.D. Alabama, Northern Division.

March 7, 1995.

---

Jeffrey Conett Kirby, Andrew P. Campbell, David M. Loper, Birmingham, AL, for plaintiff.

James A. Byram, Jr., Walter Joseph McCorkle, Jr., Montgomery, AL, for defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion to Remand the above-styled cause to the Circuit Court of Barbour County, Alabama, filed February 27, 1995. Defendants filed a response in opposition to Plaintiff's motion on March 1, 1995. For reasons stated below, Plaintiff's motion is due to be granted.

## BACKGROUND

Deland L. Kirkland (hereinafter "Kirkland") instituted this action on behalf of himself and those similarly situated in the Circuit Court of Barbour County, Alabama. According to Kirkland, he and his deceased wife, Lorene Kirkland, possessed a Montgomery Ward credit card account upon which a credit life insurance contract was attached. Plaintiff asserts that Defendant Montgomery Ward life Insurance Company is the insurer.

Mrs. Kirkland died on March 22, 1994. Plaintiff allegedly forwarded a copy of his wife's certificate of death to Defendants, but was notified by letter from Montgomery Ward Credit Corporation that the account balance would not be paid. Plaintiffs further contends that Defendants persisted in charging and accepting premiums from Plaintiff and his spouse for credit life coverage after Plaintiff became 66. Kirkland also claims that Defendants continued to charge and accept premiums from Plaintiff and his deceased spouse for coverage after notification from the Plaintiff of his spouse's death and after issuing the letter denying payment of the subject account balance.

Kirkland alleges that Defendants have had the same or similar relationships with the putative class members. Plaintiff contends that Defendants have maintained a scheme of inducing persons to purchase credit life insurance pay premiums even though Defendants have no intent to provide coverage or benefits upon the policyholder's or spouse's death after they reach age 66 even though they die of accidental causes.

Plaintiff brings this action under Alabama common and statutory law. Kirkland claims that Defendants are guilty of the following infractions: breach of contract; fraud; and tort of outrage. Plaintiff seeks compensatory and punitive damages, but asserts neither he nor any member of the putative class will accept damages in excess of FIFTY THOUSAND and NO/100 DOLLARS· ($50,000.00). In fact, Plaintiff "expressly waives any and all claims for damages of whatsoever kind in excess of fifty thousand and 00/100 dollars." (Pl. Compl., ¶ 13).

On February 16, 1995, Defendants filed a notice of removal to this court contending that the amount in controversy among the putative class members should be aggregated; thereby, satisfying the requirements for diversity jurisdiction. *See* 28 U.S.C. § 1332(a). Subsequently, Plaintiff moved to remand this action to the Circuit Court of Barbour County, Alabama.

## DISCUSSION

At dispute is not whether complete diversity between the parties exists, but whether the jurisdictionally requisite amount in controversy, greater than FIFTY THOUSAND DOLLARS ($50,000.00), is satisfied. *See* 28 U.S.C. § 1332(a). In order for the court to properly assert jurisdiction, the defendant must demonstrate to a legal certainty that the amount in controversy exceeds

$50,000.00. *See Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1094 (11th Cir.1994).

■ Defendants contend that the damage claims of the putative class members should be aggregated and sets forth two arguments to substantiate its contention. First, Defendants assert that the class has a collective interest in the creation of a fund sufficient to punish and deter Defendants' alleged misconduct. Second, Defendants espouses that the representative plaintiff cannot waive the claims of putative class members for damages in excess of $50,000.

■ This court has consistently found that where the claims of putative class members arise from independent and separate wrongs aggregation is not appropriate. *See e.g., Hall v. ITT Financial Services*, No. 94–T–636–N, —— F.Supp. —— [1995 WL 410997] (M.D.Ala. June 16, 1994) (Thompson, J.); *Teal v. Associates Financial Life Insurance Co.*, No. 94–D–732–N, 1995 WL 376930 (M.D.Ala. Sept. 29, 1994) (De Ment, J.); *Parham v. Stouffer Foods Corp., Inc.*, 882 F.Supp. 1018 (M.D.Ala.1995) (De Ment, J.).[1] In the action at bar, the court finds that the putative class members' claims arise, if at all, from separate and distinct insurance agreements. Each putative class member entered private agreements to which other members of the class were not privy. Furthermore, the harm purportedly suffered by the individual class members occurred at different times and in sundry locations.[2]

■ Defendants rely on *Reeves v. Discover Card Services, Inc.*, No. 94–U–1450–J, 1994 WL 803274 (N.D.Ala. Aug. 19, 1994) (Propst, J.) in support of its proposition that the representative class member cannot unilaterally restrict the damages claim of the putative class members. However, this court has not followed the result reached in *Reeves*.[3]

**CONCLUSION**

Because the court finds that aggregation is not permitted in this case, the court finds that Defendant has failed to demonstrate to a legal certainty that damages sought by Plaintiff in this action exceed the jurisdictional amount of FIFTY THOUSAND DOLLARS and NO/100 ($50,000.00), exclusive of interest and costs.

Moreover, Plaintiffs stipulate that they will neither request nor accept damages in excess of $50,000.00. The Court admonishes Plaintiff, as well as putative class members, that should they dishonor this stipulation and either seek or accept individual damages exceeding $50,000.00, that upon application to this court, *sanctions will be swift in coming and painful upon arrival. See State Farm Fire and Casualty Co. v. Dunnam*, No. 90–0090–BH (S.D.Ala. May 16, 1990). Accordingly, it is

CONSIDERED and ORDERED that Plaintiffs' Motion to Remand this action to the Circuit Court of Barbour County, Alabama, be and the same is hereby GRANTED.[4]

---

1. The United States Supreme Court articulated the following rule for determining when damages may be aggregated in a multiple plaintiff suit to satisfy the amount in controversy jurisdictional requirement:

   "When two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single unit, it is essential that the demand of each be the requisite jurisdictional amount; but when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount."

   *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40–41, 32 S.Ct. 9, 9, 56 L.Ed. 81 (1911).

2. In *Parham*, the court stated:

   Plaintiffs also allege that the purported wrongs flowed from separate and distinct breaches of contract. As such, the resulting harm cannot

constitute the product of a solitary event or act.

3. In *Hall*, Chief Judge Myron Thompson reasoned:

   It may be that a plaintiff cannot make such a restriction. However, such a restriction might be a reason to deny certification; in other words, the state court could conclude, after remand, that Hall is not an adequate class representative. This court should not, however, force a plaintiff to seek more money than she wants.

   *Hall*, No. 94–T–636–N at 3, —— F.Supp. at ——.

4. The court notes that the United States Eleventh Circuit Court of Appeals has not determined the issue before the court. While division exists among the federal district courts, the Court finds that its result is well-principled, as the federal courts are tribunals of limited jurisdiction.

The clerk is DIRECTED to take the necessary action to effect said REMAND.