**Martin SIEGEL, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**CONSOLIDATED EDISON, INC., Defendant.**

No. 03 Civ. 8429(JGK).

United States District Court, S.D. New York.

May 15, 2004.

Douglas M. Kraus, Skadden Arps Slate Meagher & Flom, LLP, Richard B. Brualdi, Law Offices of Richard B. Brualdi, New York City, for Plaintiff.

Stuart J. Baskin, Shearman & Sterling LLP (New York), New York City, for Defendant.

### OPINION and ORDER

KOELTL, District Judge.

The defendant Consolidated Edison, Inc. ("Con Ed") and intervenor Northeast Utilities ("NU") have moved to dismiss the amended complaint by the plaintiff Martin Siegel ("Siegel") in this action, which arises from the same Merger Agreement between Con Ed and NU that is at the heart of the related case, *Consol. Edison, Inc. v. Northeast Utilities,* No. 01 Civ. 1893 (S.D.N.Y. filed Mar. 6, 2001) (the "Con Ed/NU action"). Siegel, an NU shareholder, is suing Con Ed for breach of the Merger Agreement by which Con Ed would have purchased all outstanding NU shares at a substantial premium. Siegel seeks to represent the class of NU shareholders at the time of Con Ed's alleged repudiation of the Merger Agreement on March 5, 2001.

Both Con Edison and NU have moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the amended complaint for lack of subject matter jurisdiction because Siegel premises jurisdiction on diversity of the citizenship but has not alleged an amount in controversy of over $75,000 as required by 28 U.S.C. § 1332. Con Edison also moves in the alternative for a stay, pending resolution of the related and pending *Con Ed* case. The plaintiff has responded by offering two bases for subject matter jurisdiction: (1) Siegel claims that the Court can exercise supplemental jurisdiction pursuant § 1367(a) on the grounds that this action arises out of the same case and controversy as the Con Ed/NU action over which this Court has original jurisdiction; and (2) Siegel claims that the amount in controversy requirement of § 1332 is satisfied by aggregating the potential claims of shareholders who were allegedly injured by Con Ed's alleged breach.

### I.

On a motion to dismiss, the allegations in the complaint are accepted as true. *See Grandon v. Merrill Lynch & Co.,* 147 F.3d 184, 188 (2d Cir.1998); *Cohen v. Koenig,* 25 F.3d 1168, 1172–73 (2d Cir.1994). The

court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir.1985). Therefore, the present motions should be granted only if it appears that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Grandon*, 147 F.3d at 188; *Goldman*, 754 F.2d at 1065; *VTech Holdings Ltd. v. Lucent Tech., Inc.*, 172 F.Supp.2d 435, 437 (S.D.N.Y.2001). For the purposes of this motion, however, there are no factual disputes and the background to this action is the largely same as the background discussed in the previous Opinions and Orders in the Con Ed/NU action. *Consol. Edison, Inc. v. Northeast Utils.*, 249 F.Supp.2d 387 (S.D.N.Y.2003); *Consol. Edison, Inc. v. Northeast Utils.*, No. 01 Civ. 1893, 2004 WL 35445 (S.D.N.Y. Jan. 7, 2004).

On October 13, 1999, Con Edison and Northeast Utilities entered into a Merger Agreement. (See First Am. Class Action Compl. ("Am.Compl.") ¶ 1.) After months of negotiation, Con Edison and NU's shareholders ultimately approved an agreement pursuant to which Con Edison agreed to purchase NU's shares for an estimated $26.50 per share. (*Id.*) However, on March 5, 2001, Con Edison informed NU that it would not go forward with the merger, and the next day filed a preemptive lawsuit against NU. (*Id.* ¶ 5.) NU filed a counterclaim claiming that its shareholders were third-party beneficiaries of the Merger Agreement and that NU could sue on their behalf for the premium lost by the failure of Con Ed to consummate the agreement. NU contends that the proper third-party beneficiaries entitled to recovery are the NU shareholders as of the date that the judgment is entered or collected. (*Id.*)

In an Opinion and Order dated March 20, 2003 that decided motions for summary judgment by Con Ed and NU, this Court found, among other things, that NU shareholders are third-party beneficiaries under the Merger Agreement. *See Consol. Edison*, 249 F.Supp.2d at 416–17. Shortly thereafter, on May 16, 2003, Robert Rimkoski filed a class action lawsuit in state court seeking to recover damages from Con Ed for breach of the Merger Agreement on behalf of members of a class of persons holding NU shares at the time of Con Ed's alleged breach on March 5, 2001. Rimkoski later intervened in the Con Ed/NU action as an intervenor defendant asserting a claim against Con Ed. *See Consol. Edison*, 2004 WL 35445.

Siegel filed his class action suit on October 24, 2003, and purports to represent the very same class of NU shareholders as Rimkoski: those who held NU stock on March 5, 2001, the date on which Con Edison allegedly breached the Merger Agreement. Siegel's original complaint premised subject matter jurisdiction on diversity of citizenship with Siegel being a citizen of New Jersey and Con Ed being a New York corporation with its principal place of business in New York. However, in the original complaint Siegel failed to plead that his claim met the amount in controversy required of 28 U.S.C. § 1332. The Amended Complaint was subsequently filed with jurisdiction being pleaded: (1) pursuant to 28 U.S.C. § 1367 based on the case's relation to the Con Ed/NU action; and (2) pursuant to 28 U.S.C. § 1332 based on aggregating the potential damages for all NU shareholders as of March 5, 2001 who, Siegel claims, share "a single title or right" to sue for breach of the Merger Agreement. (Am.Compl.¶ 7.)

## II.

The plaintiff first alleges that the Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because the case involves the same issues of law and fact as those being litigated in the Con Ed/NU action, in which Rimkoski has intervened. Section 1367(a) provides that

in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Where the Court has original jurisdiction over an action, it may exercise supplemental jurisdiction over claims that derive from "a common nucleus of operative fact," such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir.2003) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)).

The Court has original jurisdiction over the Con Ed/NU action based on diversity jurisdiction and there is no dispute that this action shares a "common nucleus of operative fact" with that one. Siegel's argument, however, clearly misses the point that there is supplemental jurisdiction when the plaintiff would be expected to bring all claims in *one* proceeding. At least for the purposes of this motion, Siegel is not seeking to intervene in the Con Ed/NU action. He is seeking supplemental jurisdiction over a new, independent, and freestanding civil action. Siegel's claims with respect to this independent action are not supplemental to any case properly within the jurisdiction of this Court.

Furthermore, Siegel's reliance on cases where a federal court exercised supplemental jurisdiction over attorney fee disputes arising under state law within the context of a preexisting litigation is misplaced. *See, e.g., Alderman v. Pan Am World Airways*, 169 F.3d 99, 101–02 (2d Cir.1999); *Kalyawongsa v. Moffett*, 105 F.3d 283, 286–88 (6th Cir.1997). The fee disputes in those cases involved state law contract claims that were related to a main action within the court's original jurisdiction, not separately filed civil actions.

Finally, Siegel asserts that considerations of judicial economy dictate that this Court should exercise supplemental jurisdiction over all claims related to the litigation between Con Ed and NU. On the contrary, judicial economy would be compromised by allowing Siegel to bring his action in federal court. If Siegel's argument for supplemental jurisdiction were to succeed, a vast array of cases, that would otherwise be state court cases, could be removed to federal court merely because they share a factual and legal basis with a case properly in federal court. While judicial economy is furthered by joining federal and state law claims into a single action, Siegel seeks to bring an entirely independent action into federal court. Absent intervention in the Con Ed/NU action, § 1367 cannot provide Siegel with a basis for subject matter jurisdiction.

## III.

The plaintiff also argues that this Court has subject matter jurisdiction based on diversity of citizenship. Siegel is a citizen of New Jersey and Con Edison is a New York Corporation. The issue is whether the plaintiff has pleaded an amount in controversy exceeding $75,000. Siegel does not allege that his individual claim meets the necessary amount and instead attempts to satisfy the statutory re-

quirement by aggregating the claims of the entire class. Generally, such aggregation by the representative plaintiff in a class action cannot satisfy the amount in controversy. *See Snyder v. Harris,* 394 U.S. 332, 335–40, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). It is true, however, that claims may be aggregated "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest." *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973) (quoting *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.,* 222 U.S. 39, 40–41, 32 S.Ct. 9, 56 L.Ed. 81 (1911)). Siegel thus argues for the application of the "common fund exception," described at length by the Court of Appeals for the Second Circuit in *Gilman v. BHC Securities, Inc.,* 104 F.3d 1418 (2d Cir.1997).

Siegel contends that aggregation is warranted because the shareholders he purports to represent possessed an ownership interest in a single entity, NU, and suffered damages proportionate to their ownership interest in that single entity, as a result of the same action, which was Con Ed's breach of the Merger Agreement with NU. The plaintiff, however, has not in fact asserted a single title or right, in which all of the class members have a common and undivided interest.

■ The Court of Appeals has emphasized that "[p]laintiffs in paradigm 'common fund' cases assert claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which they claim as common owners or in which they share a common interest arising under a single title or right." *Gilman,* 104 F.3d at 1424. To use the common fund exception, the dispute must be one that "cannot be adjudicated without implicating the rights of everyone involved with the res." *Id.* at 1423 (quoting *Bishop v. Gen. Motors Corp.,* 925 F.Supp. 294, 298 (D.N.J.1996)). Furthermore, the class

members must have an undivided interest in the property and the defendant, therefore, must have no interest in how the property is divided amongst the class. *Id.* Finally, all of the claimants to the property must be necessary parties to the dispute. *Id.* at 1425 n. 7 (citing *Bishop,* 925 F.Supp. at 298).

It is true that the rights of the class members Siegel seeks to represent are all determined by whether Con Ed breached the Merger Agreement with NU. However, the rights of the individual class members are still separate and distinct and depend on their individual shareholdings of NU stock. Each shareholder is free to make decisions regarding their shareholdings without implicating the rights of any other shareholder. Moreover, the Court of Appeals noted that a class action based on common questions of law or fact is antithetical to aggregation to meet the amount in controversy because individual claimants can opt out of the class and thus, cannot be deemed "necessary" parties. *Id.*

This case is more similar to the situations cited by the Court of Appeals in *Gilman* where the non-aggregation rule was applied. *See, e.g., Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.,* 988 F.2d 559, 563 (5th Cir.1993) (finding that damages for lost income and personal injuries sustained as consequence of a chemical spill were "individual" and cannot be aggregated because "one plaintiff's recovery is neither dependent upon, nor necessarily reduced by, another's"); *Griffith v. Sealtite Corp.,* 903 F.2d 495, 498 (7th Cir.1990) (holding that workers' claims for wages due under a single employment contract "were separate and distinct" and thus individual awards could not be aggregated to satisfy jurisdictional amount); *Sellers v.*

*O'Connell,* 701 F.2d 575, 579 (6th Cir.1983) ("An identifying characteristic of a common and undivided interest is that if one plaintiff cannot or does not collect his share, the shares of the remaining plaintiffs are increased."). Under the logic and reasoning of *Gilman,* the claims of the individual shareholders may not be aggregated to meet the jurisdictional amount in controversy requirement of § 1332. The NU shareholders may individually determine if they wish to sue, and their decisions will not affect the rights and recoveries of the remaining NU shareholders.

### Conclusion

The motions to dismiss by Con Ed and NU for lack of subject matter jurisdiction are **granted**. The Clerk is directed to enter judgment dismissing Siegel's complaint and closing the case.

**SO ORDERED.**