Larry S. and Kaye KENNEY, Plaintiffs,

v.

The FARMERS NATIONAL BANK OF OPELIKA, ALABAMA and Life of the South Insurance Company, Defendants.

Civil Action No. 96–T–188–E.

United States District Court, M.D. Alabama, Eastern Division.

Aug. 19, 1996.

---

Marcus D. Owsley, Robbins, Owsley & Wilkins, Talladega, AL, Garve Ivey, Jr., King, Ivey & Junkin, Jasper, AL, Barry Alan Ragsdale, King, Ivey & Junkin, Birmingham, AL, for Plaintiffs.

John V. Denson, II, Amy J. Himmelwright, Samford, Denson, Horsley, Pettey & Martin, Opelika, AL, for The Farmers National Bank of Opelika.

James A. Byram, Jr., M. Roland Nachman, Jr., Balch & Bingham, Montgomery, AL, for Life of the South Insurance Company.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiffs Larry S. and Kaye Kenney filed this lawsuit in the Circuit Court of Lee County, Alabama, on January 16, 1996. The Kenneys named the following as defendants: Farmers National Bank of Opelika, Alabama and Life of the South Insurance Company. The Kenneys charge defendants with fraud, breach of contract, outrage, unconscionability, breach of trust and fiduciary duty, and conspiracy in connection with the collection of premiums on "vehicle" or "vendor" single-interest insurance on a mortgage.[1] Defendants removed this lawsuit from state to federal court on March 6, 1996. Defendants based removal on original "federal question" jurisdiction, 28 U.S.C.A. §§ 1331, 1441. Defendants maintain that removal is proper because there is "super pre-emption" or "complete pre-exemption" under the National Bank Act of 1864, as amended, 12 U.S.C.A. §§ 85–86. This lawsuit is now before the court on a motion to remand filed by the Kenneys.

### I.

The National Bank Act provides, in part, that "Any association may . . . charge on any loan . . . *interest* at the rate allowed by the laws of the State . . . where the bank is located." 12 U.S.C.A. § 85 (emphasis added). The Act further provides for penalties for violating this interest limitation, including "forfeiture of the entire interest," 12 U.S.C.A. § 86, and the right to "recover back, in an action in the nature of an action of debt, twice the amount of interest thus paid from the association taking or receiving the same period." *Id.* The Comptroller of Currency has adopted a regulation defining the term "interest" to include the following: "any payment compensating a creditor or prospective creditor for an extension of credit, making available of a line of credit, or any

---

1. The Kenneys refer to this as "vendor" single-interest insurance, and defendant Farmers National Bank refers to it as "vehicle" single-interest insurance.

default or breach by a borrower of a condition upon which credit was extended"; and, with regard to "fees connected with credit extension or availability[,] ... numerical periodic rates, late fees, not sufficient funds (NSF) fees, overlimit fees, annual fees, cash advance fees, and membership fees." 12 C.F.R. § 7.4001(a).

Defendants contend that, because the Farmers National Bank is a national bank, the Kenneys' state-law claims are "completely pre-empted" by the Nation Bank Act and, as a result, that this lawsuit is subject to removal based on federal-question jurisdiction.

## II.

### A.

■ Section 1331 provides for federal-question jurisdiction in "a civil action arising under the Constitution, laws, or treaties of the United States." Whether a complaint "arises under" federal law—or, put another way, presents a "federal question"—must be determined from the face of a plaintiff's complaint. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983). This requirement, which is known as the "well-pleaded complaint" rule, applies to a defendant's right to removal, with the determinative factor being whether the plaintiff's complaint and not the removal petition presents a federal question. *Id.* at 10 n. 9, 103 S.Ct. at 2847 n. 9. Moreover, the plaintiff "is master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913), and thus has the prerogative to rely on state law alone, although both state and federal law may give him a cause of action. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law"). Therefore, the fact that the plaintiff has elected to pursue his claim under state law alone does not justify removal even if the plaintiff also has an unpursued claim under federal law.

■ To be sure, there is an exception to the well-pleaded complaint rule. *Caterpillar,* 482 U.S. at 393, 107 S.Ct. at 2430. This exception is known as the "complete pre-emption" doctrine. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* This exception rests on the notion that in certain rare instances "the pre-emptive force of the statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 1547, 95 L.Ed.2d 55 (1987)). Because a state-law claim that is completely pre-empted arises under federal law, it is removable from state to federal court.

### B.

Complete pre-emption differs greatly from simple pre-emption. For example, in *Barnett Bank of Marion County v. Nelson,* —— U.S. ——, ——, 116 S.Ct 1103, 1106, 134 L.Ed.2d 237 (1996), the Supreme Court held that "a federal statute that permits national banks to sell insurance in small towns preempts a State statute the forbid them to do." The Court posited that, "This question is basically one of congressional intent. Did Congress, in enacting the Federal Statute, intend to exercise its constitutionally delegated authority to set aside the laws of a State?" *Id.* at ——, 116 S.Ct. at 1107. The Court then instructed that the answer should be pursued as follows:

"Sometimes courts, when facing the pre-emption question, find language in the federal statute that reveals an explicit congressional intent to pre-empt state law. *E.g., Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 530–531, 97 S.Ct. 1305, 1309–1310, 1312–1313, 51 L.Ed.2d 604 (1977). More often, explicit pre-emption language does not appear, or does not directly answer the question. In that event, courts must consider whether the federal statute's 'structure and purpose,' or nonspecific statutory language, nonetheless reveal a clear, but implicit, pre-emptive intent. *Id.,* at 525, 97

S.Ct. at 1309–1310; *Fidelity Fed. Sav. & Loan Assn. v. de la Cuesta,* 458 U.S. 141, 152–153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982). A federal statute, for example, may create a scheme of federal regulation 'so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it.' *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947). Alternatively, federal law may be in 'irreconcilable conflict' with state law. *Rice v. Norman Williams Co.,* 458 U.S. 654, 659, 102 S.Ct. 3294, 3298–3299, 73 L.Ed.2d 1042 (1982). Compliance with both statutes, for example, may be a 'physical impossibility,' *Florida Lime & Avocado Growers, Inc. v. Paul,* 373 U.S. 132, 142–143, 83 S.Ct. 1210, 1217–1218, 10 L.Ed.2d 248 (1963); or, the state law may 'stan[d] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' *Hines v. Davidowitz,* 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941)."

*Barnett Bank,* —— U.S. at ——, 116 S.Ct. at 1107–08. Demanding though this approach may be, the one for complete pre-emption is even more so.

### C.

The Supreme Court has found "super pre-emption" or "complete pre-emption" of state-law claims, with the result that these claims are removable to federal court, in only a very few instances—for example, § 301 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 185, commonly referred to as the LMRA, *Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); and § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1132, commonly referred to as ERISA, *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Avco Corp.* and *Taylor* and in the cases that followed them, three factors have been identified as critical to a finding of complete pre-emption. First and perhaps most importantly, because "the touchstone of the federal district court's removal jurisdiction is ... the intent of Congress," *Taylor,* 481 U.S. at 66, 107 S.Ct. at 1548, the courts have concluded that there should be evidence of a congressional intent to make the state claim falling within the scope of the relevant federal statute removable to federal court. In *Taylor,* the Supreme Court found a congressional intent to allow removal of ERISA cases in the legislative history's statement that "All such actions in Federal or State courts are to be regarded as arising under the laws of the United States." 481 U.S. at 65–66, 107 S.Ct. at 1547 (quoting H.R.Conf. Rep. No. 93–1280 at 327 (1974)). *See also Id.* at 68, 107 S.Ct. at 1548 (Brennan, J., concurring) ("In future cases involving other statutes, the prudent course for a federal court that does not find a *clear* congressional intent to create removal jurisdiction will be to remand the case to state court") (emphasis in original); *Robinson v. Michigan Consol. Gas Co.,* 918 F.2d 579, 586 (6th Cir.1990) (there must be evidence of clear congressional intent to permit removal despite plaintiff's exclusive reliance on state law); *Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d 90, 93 (3rd Cir.1989) (same); *Aaron v. National Union Fire Ins. Co. of Pittsburg,* 876 F.2d 1157, 1163 (5th Cir.1989) (same), *cert. denied,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990).

■ Second, it is not sufficient that the federal law pre-empt the state law claim; the federal law must also "displace" the state law claim with a cause of action. In *Taylor,* the Supreme Court found complete pre-emption because the "state common law claims are not only pre-empted by ERISA but also displaced by ERISA's civil enforcement provision." 481 U.S. at 60, 107 S.Ct. at 1544. *See also Allstate Ins. Co. v. 65 Sec. Plan,* 879 F.2d at 93 ("The doctrine of complete pre-emption applies only ... when the enforcement provisions of a federal statute create a federal cause of action vindicating the same interest that the plaintiff's cause of action seeks to vindicate"); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1165 (5th Cir.1988) ("a federal action cannot be found to so completely displace state claims ... unless there would have been a federal cause of action under the preempting federal law"), *aff'd on other grounds,* 503 U.S. 131, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992).

Third and finally, the jurisdictional and enforcement provisions in the LMRA or ERISA must have a close parallel in the federal claims at issue. In *Taylor*, the Supreme Court emphasized that, even with ERISA's extensive civil enforcement provisions, it "would be reluctant to find that extraordinary pre-emptive power," 481 U.S. at 65, 107 S.Ct. at 1547, but for the fact that ERISA's civil enforcement provision paralleled those in the LMRA, a statute where the Court had previously found such power. *Id.*

### D.

■ Defendants point to several cases holding that §§ 85 and 86 of the National Bank Act both "pre-empt" and "completely pre-empt" state-law claims challenging "interest" charged by a nationally chartered bank, and thus that such claims are removable from state to federal court. *See, e.g., M. Nahas & Co. v. First National Bank,* 930 F.2d 608 (8th Cir.1991); *Moss v. Southtrust Mobile Services,* civil action no. 95–P–1647–W (N.D.Ala. Sept. 22, 1995) (Pointer, J.); *Hunter v. Rich's Department Store,* —— F.Supp. —— [1995 WL 902671] (N.D.Ala. 1995) (Propst, J.). The Kenneys point to cases to the contrary. *See, e.g., Spellman v. Meridian Bank,* 1995 WL 764548 (3rd Cir. Dec. 29, 1995).[2] However, the cases relied upon by the Kenneys and defendants are not only split over the issue of whether state-law claims challenging "interest" are completely pre-empted by the National Bank Act, they are not directly on point on the issue before this court: whether the National Bank Act completely pre-empts state-law claims challenging "insurance premiums" charged by national banks.

In *Smiley v. Citibank (South Dakota), N.A.,* —— U.S. ——, 116 S.Ct. 1730, 135 L.Ed.2d 25 (1996), the Supreme Court agreed with the Comptroller's definition of "interest" as including "late-payment fees that are lawful in the bank's home State but prohibited in the States where the cardholders reside." —— U.S. at ——, 116 S.Ct. at 1732. In the same regulation at issue in

*Smiley,* the Comptroller has indicated that the term "interest" "does *not* ordinarily include ... premiums and commissions attributable to insurance guaranteeing repayment of any extension of credit." 12 C.F.R. § 7.4001(a) (emphasis added). Therefore, it could be reasonably concluded that, under the Comptroller's definition, insurance premiums are not only not pre-empted or completely pre-empted, they are not even covered by the National Bank Act.

Defendants counter that an impermissible premium, or a premium charged in excess of that allowed by state law, could be viewed as interest and thus as falling within the coverage of §§ 85 and 86 of the National Bank Act. This argument is rejected for several reasons. First, Kinney simply does not make the claim that the challenged insurance premiums are interest. As this court has stated, the plaintiff "is master to decide what law he will rely upon," *Kohler Die & Specialty Co.,* 228 U.S. at 25, 33 S.Ct. at 411, and thus has the prerogative to rely on state law alone, although both state and federal law may give him a cause of action. *Caterpillar, Inc.,* 482 U.S. at 392, 107 S.Ct. at 2429. Second, if defendants' argument were accepted, then all insurance premiums charged by national banks would be subject to regulation under the National Bank Act. If the Comptroller (whose definition of interest is entitled to deference, *Smiley,* —— U.S. at ——, 116 S.Ct. at 1733) had intended this sweeping result, he would have said so and he surely would not have adopted a definition of interest that expressly excludes insurance premiums. Third, if whether a state-claim challenging a national bank's interest charges (which are definitely covered by the National Bank Act) is a debatable issue, *contrast M. Nahas & Co. v. First National Bank,* 930 F.2d 608 (8th Cir.1991) *with Spellman v. Meridian Bank,* 1995 WL 764548 (3rd Cir. Dec. 29, 1995), then a state-law claim challenging a national bank's insurance premium (which is not covered by the National Bank Act) is surely not completely pre-empted. Finally, there is no evidence of congressional

---

2. Counsel for the Kenneys has informed the court that a rehearing en banc has been granted by the Third Circuit Court of Appeals. The order granting the rehearing has not been published yet.

intent, expressed or implied, to make state-law claims based on insurance premiums removable to federal court.[3] Moreover, it cannot be reasonably argued that the National Bank Act's regulations covering insurance premiums are similar to the civil enforcement and jurisdictional provisions in the LMRA and ERISA—indeed, it cannot be argued that there is any regulation at all. This court, therefore, cannot reach the "extraordinary" but necessary finding, *Taylor*, 481 U.S. at 65, 107 S.Ct. at 1547, that a defense to insurance premiums charged by national banks should be equated to complete pre-emption or super pre-emption. *See, e.g., Franchise Tax Bd., supra* (some but not all of ERISA claims are "completely pre-empted").

#### E.

With this conclusion, however, this court has *not* held that Kinney's state-law claims are not "pre-empted" by the National Bank Act. This court has merely held that there is not such "complete preemption" as would support removal to federal court. After remand, the state court may still independently conclude that §§ 85 and 86 of the National Bank Act pre-empt the Kenneys' state-law claims. *Glasser v. Amalgamated Workers Union Local 88,* 806 F.2d 1539, 1540 (11th Cir.1986) (per curiam); *Soley v. First Nat'l Bank of Commerce,* 923 F.2d 406, 408–09 (5th Cir.1991); *see also Franchise Tax,* 463 U.S. at 12–14 & n. 12, 103 S.Ct. at 2848 & n. 12 (where federal court lacks removal jurisdiction, state court should determine whether pre-emption defense has merit).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to remand, filed by plaintiffs Larry S. and Kaye Kenney on March 5, 1996, is granted, and that this cause is remanded to the Circuit Court of Lee County, Alabama, pursuant to 28 U.S.C.A. § 1447(c).

It is further ORDERED that the motions to dismiss, filed by defendants on February 5

and March 7, 1996, are left for disposition by the state court after remand.

---

**3.** Because the National Bank Act was passed in the 1860's, before the origination of the concept of "complete pre-emption," it would be impossi-

ble to find any expressed evidence of congressional intent. However, one could still look to implicit evidence of such intent.