**Dorothy J. HOOKS, individually and on behalf of a class of persons similarly situated, Plaintiff,**

v.

**ASSOCIATES FINANCIAL SERVICES COMPANY, INC., et al. Defendants.**

**Civil Action No. 97–A–356–E.**

United States District Court, M.D. Alabama, Eastern Division.

June 2, 1997.

Garve Ivey, Jr., King, Ivey & Junkin, Jasper, AL, Barry Alan Ragsdale, King, Ivey & Junkin, Birmingham, AL, James Ernest Bridges, III, Auburn, AL, for Plaintiff.

Richard H. Gill, John Fairley McDonald, III, Copeland, Franco, Screws & Gill, P.A., Montgomery, AL, for Associates Financial Services Co., Inc.

Perryn G. Carroll, Carroll & Carroll, P.C., Birmingham, AL, for Home Cable Concepts of Tennessee, Inc.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

## I. FACTS

This cause is before the court on a motion to remand, filed by the Plaintiff, Dorothy Hooks ("Plaintiff") on April 10, 1997.

The Plaintiff originally filed her Complaint in the Circuit Court of Macon County on February 11, 1997. She brings claims on behalf of herself and those similarly situated for fraud, breach of contract, and conspiracy. The claims were asserted against Associates Financial Services, Inc., Home Cable Concepts of Tennessee, and Kevin Boyer ("the Defendants"). In the Complaint, Plaintiff states that

> Notwithstanding any allegation contained herein, the Plaintiff and each and every member of the class defined herein expressly waive and forego any claim for punitive damages and limit their claims solely to compensatory damages. The Plaintiff and each class member also expressly waive any claim for damages over forty-nine thousand dollars ($49,000).

Plaintiffs Complaint, page 6.

On March 14, 1997, a Notice of Removal was filed in this court. Removal was predicated on the court's diversity jurisdiction. The Defendants stated that the non-diverse defendant, Kevin Boyer, had not been properly served or, alternatively, that the non-diverse defendant had been fraudulently joined. The Defendants also stated that the jurisdictional amount had been met, regard-

less of the limitation of damages in the Plaintiffs Complaint.

The Plaintiff subsequently filed a Motion to Remand, to which the Defendants responded. In addition to her subsequent Brief in Support of the Motion to Remand, the Plaintiff filed an Affidavit of Barry Ragsdale, Plaintiffs Counsel, in which he stipulated that neither the Plaintiff nor any class member would seek punitive damages, nor damages in excess of $49,000.

For the reasons discussed, the Plaintiffs Motion to Remand is due to be GRANTED.

## II. *STANDARD OF REVIEW*

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed.2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. at 1675. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

## III. *DISCUSSION*

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See id.*

The Defendants have argued that there is diversity jurisdiction in the instant case because Kevin Boyer was not properly served,

or alternately, because he has been fraudulently joined, and because the jurisdictional amount has been met. If the amount in controversy is not met, this court lacks diversity jurisdiction regardless of whether Boyer is a proper defendant; therefore, the court will address the issue of the existence of the amount in controversy.

The Plaintiff expressly states in her Complaint that she, as class representative, seeks only compensatory damages and only seeks those damages in an amount of $49,000. The Plaintiffs attorney has also submitted an affidavit in which he states that "neither the named Plaintiff nor any member of the putative class will ever seek, request or accept any award of damages in this case (whether by judgment, settlement or otherwise) in an amount which equals or exceeds $50,000 per plaintiff." Affidavit of Barry A. Ragsdale, ¶ 6. Clearly, the amount stated in the Complaint and stipulated to by Plaintiffs counsel is below the requisite jurisdictional amount.[1] The Defendants' argument, however, is that the Plaintiffs attempt to limit the damages sought is not effective.

The Eleventh Circuit has held that when a plaintiff limits her claimed damages to an amount which is below the requisite amount for diversity jurisdiction, the defendant must show to a legal certainty that the plaintiffs claim, should liability be found, will meet the jurisdictional amount. *Burns v. Windsor Insurance Co.,* 31 F.3d 1092 (11th Cir.1994). The Defendants argue, however, that because the Plaintiff was acting in bad faith, the *Burns* burden of proof to establish the amount in controversy to a legal certainty no longer applies. However, in addressing an argument based on the attorney's alleged false or incompetent valuation of a case, the *Burns* court stated that "[c]onsidering the specific nature of plaintiffs damage claim, we conclude that, to avoid a remand, defendant must prove to a legal certainty that plaintiffs counsel has, in effect, done one or the other. That is, defendant must prove to a legal certainty that plaintiffs claim must exceed $50,000." *Id.* Therefore, the court's inquiry

---

**1.** The court notes that the jurisdictional amount provision in 28 U.S.C. § 1332 has been changed from $50,000 to $75,000 under the Federal

Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (1996).

under *Burns* must focus on whether the Plaintiffs claim will meet the jurisdictional amount.

The Plaintiff in the instant case has, however, attempted to limit claims on behalf of a putative class which she represents. Therefore, this court must address whether *Burns* also applies to a limitation of damages by a named plaintiff on behalf of a class. The Plaintiff argues that the very nature of a class action vests her with the authority to limit the class' claims because she is the representative of the class. Federal district courts appear to be split on this issue. Some courts have stated that a class representative "cannot unilaterally agree to restrict the amount of damages that class members might receive." *Reeves v. Discover Card Services, Inc.,* No. CV–94–U–1450–J, slip op. at 1, 1994 WL 803274 (N.D.Ala. August 1, 1994). Other judges in this district, however, have reasoned that

> It may be that a plaintiff cannot make such a restriction. However, such a restriction might be a reason to deny class certification; in other words, the state court could conclude, after remand, that [the plaintiff] is not an adequate class representative. This court should not, however, force a plaintiff to seek more money than she wants.

*Hall v. ITT Financial Services,* 891 F.Supp. 580, 582 (M.D.Ala.1994) (Thompson, J.); see also *Parham v. Stouffer Foods Corp.,* 882 F.Supp. 1018 (M.D.Ala.1995) (De Ment, J.); *Kirkland v. Montgomery Ward & Co. Inc.,* 882 F.Supp. 1020 (M.D.Ala.1995) (De Ment, J.).

▆ The court notes that those courts which have held that a plaintiff cannot restrict the amount of damages on behalf of a class have found a plaintiffs request for punitive damages to be a significant factor. In *Reeves,* the court stated that it could not agree that a class representative could re-

strict damages "particularly where punitive damages are claimed." *Reeves,* at 1. Applying the *Reeves* decision, another federal district court reasoned that a waiver of damages would amount to a breach of duty as a class representative, so that it was neither binding nor effective, "in view particularly of the plaintiffs' demand for punitive damages." *Seale v. Nissan Motor Acceptance Corp.,* No. 95–1008–BH–M, 1996 WL 539899 (S.D.Ala. March 7, 1996).

In the instant case, the Plaintiff has explicitly disclaimed any claim for punitive damages.[2] The Plaintiffs counsel has further stipulated in an affidavit that neither the named Plaintiff nor any class members will seek or accept an award of punitive damages. Affidavit of Ragsdale, ¶ 6. Therefore, since the significant factor of a request for punitive damages, relied on in *Reeves* and *Seale,* is not present in this case, the court finds that the rationale of *Hall* is compelling and the Plaintiff may limit the claims of the class. The court notes that any putative class members who disagree with the Plaintiffs limitation of damages have the ability to opt out from the class at the appropriate time.

A separate argument could be advanced that the Plaintiff should not be able to disclaim punitive damages on behalf of the class. *See Quebe v. Ford Motor Company,* 908 F.Supp. 446 (W.D.Tex.1995). In response to such an argument, the *Quebe* court reasoned that while "the failure to request punitive damages might possibly prevent the certification of the present case as a class action, this is a long way from requiring that the present plaintiffs plead a claim for punitive damages in order to proceed with their lawsuit." *Id.* at 453. The court also noted that any persons who believed punitive damages would be an appropriate remedy could opt out of the class action and pursue their own remedies. *Id.* at 453, n. 6. This court finds this reasoning to be consistent with the reasoning of *Hall*[3] and, therefore, this court will consider

---

**2.** Alabama cases have indicated that a jury may not award punitive damages unless they are requested by the plaintiff. *See Collins v. Shelley,* 514 So.2d 1358, 1361 (Ala.1987)(plaintiffs recovery was limited to punitive damages where, "notwithstanding the wantonness count, plaintiffs did

not state a claim for punitive damages in the ad damnum clause of their complaint").

**3.** The court also notes that the *Reeves* court seemed to acknowledge the proposition that a class representative could waive claims to punitive damages. *See Reeves,* at 1 ("This court con-

the Plaintiffs waiver of punitive damages on behalf of the class in deciding whether the jurisdictional amount exists.

In an attempt to show that the Plaintiffs claims meet the jurisdictional amount, the Defendants have cited Alabama Rule of Civil Procedure 54(c), entitling a party to relief even if that relief has not been demanded in the pleadings. However, in *Burns,* the court stated that the plaintiffs "awareness that she 'could'—given the power of the court to award more than is requested—recover more is not enough to prove jurisdiction in the face of plaintiffs specific pleading." *Burns,* 31 F.3d at 1097. Therefore, this court concludes that the possibility that the Plaintiff could receive more than she has claimed if liability is found does not establish that the existence of the jurisdictional amount is a legal certainty. In addition, the Plaintiffs counsel has specifically stipulated that no additional recovery will be sought. This court relies on counsel's statements based on the ethical principles outlined in *Burns. Id.* at 1095.

The Defendants argue, however, that even if this court accepts the Plaintiffs damages limitation, the nature of this action as a putative class action means that damages will meet the jurisdictional amount. The Defendants argue that the claims of the class members should be viewed in the aggregate, thereby reaching the jurisdictional amount. Although the Eleventh Circuit has recognized that aggregation of class damages may be appropriate in some instances, the Eleventh Circuit's holding was based on the nature of punitive damages under Alabama law and was limited to claims for punitive damages. *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353 (11th Cir.1996). The Plaintiff has explicitly disclaimed any right to claim punitive damages. Therefore, the Defendant's argument under *Tapscott* is unavailing. In the absence of a claim for punitive damages, or some other assertion of a single title or right in which the multiple Plaintiffs have a common and undivided interest, claims of class members may not be aggregated in determining whether the jurisdic-

tional amount has been met. *Zahn v. Int'l Paper Co.,* 414 U.S. 291, 294–95, 94 S.Ct. 505, 508–09, 38 L.Ed.2d 511 (1973); *Snyder v. Harris,* 394 U.S. 332, 335–37, 89 S.Ct. 1053, 1056–57, 22 L.Ed.2d 319 (1969).

The Defendants also argue that attorneys' fees may be attributable to the entire class. In response, the plaintiff has stated that any "recoverable attorneys' fees in this case would have to come out of any recovery by the Plaintiff or the class and would simply be a post-trial distribution of the limited damages recovered by the Plaintiffs." Plaintiffs Response, page 6. Plaintiffs position is supported by both Alabama and Eleventh Circuit law. *See Edelman & Combs v. Charles M. Law,* 663 So.2d 957 (Ala.1995); *Camden I Condominium Ass'n. Inc. v. Dunkle,* 946 F.2d 768 (11th Cir.1991). One district court addressing an argument similar to that of the Defendants has held, in applying Alabama and Eleventh Circuit law, that because fees awarded from a common fund are not in addition to damages awarded to all class members, the possibility of recovering attorney's fees does not demonstrate that the jurisdictional threshold has been met. *In re Citric Acid Antitrust Litigation,* MDL No. 1092 FMS, No. C–95–4578, 1996 WL 116827 (N.D.Cal. March 12, 1996).

In support of their argument that claims to attorneys' fees will meet the jurisdictional amount, the Defendants have cited *In re Abbott Laboratories,* 51 F.3d 524 (5th Cir. 1995). However, this case does not support the Defendants' argument because the attorneys' fees at issue in that case would be awarded to the named plaintiff under a Louisiana statute which allows for attorneys' fees to be awarded to the class representative. *Id.* at 526. No claim for attorneys' fees has been asserted under a statute analogous to that of Louisiana in the instant case.

Based on the fact that the Plaintiff has limited the claims of the class members to an amount which is below the jurisdictional amount and that these claims cannot be aggregated, and based on Plaintiffs Complaint and stipulation of counsel that no greater

cludes that such an action can be maintained if punitive damages are claimed, unless a represen-

tative, with full authority to do so, waives such claims as to amount, etc.").

recovery will be sought, this court concludes that it is not a legal certainty that the Plaintiffs claims meet the jurisdictional amount. Because the jurisdictional amount has not been met, the court finds that it need not decide the issue of whether complete diversity of the parties exists in the instant case.

## IV. *CONCLUSION*

For the reasons discussed, this court concludes that the requisite amount in controversy for diversity cases has not been met in this case. Because the court lacks diversity jurisdiction and no federal question has been raised, the court lacks subject matter jurisdiction. Therefore, the Plaintiffs Motion to Remand is due to be GRANTED.

A separate order will be entered in accordance with this Memorandum Opinion.