Nelson COWAN, Jr., Plaintiff,

v.

COMBINED INS. CO. OF AMERICA, Defendant.

No. CIV.A. 98–D–812–E.

United States District Court, M.D. Alabama, Eastern Division.

Aug. 5, 1999.

**1314**

David M. Harrison, Jasper, Barry A. Ragsdale, David L. Campbell, Birmingham, AL, James E. Bridges, III, Auburn, Garve Ivey, Jr., Jasper, AL, for Plaintiff.

David Carr, James W. Lampkin, II, Pamela Ann Moore, Mobile, AL, for Defendant.

### MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiff's Motion To Remand ("Pl.'s Mot."), filed July 29, 1998. Contained in said Motion is Plaintiff's request for attorneys' fees, which the court construes as a Motion For Attorneys'

Fees. Defendant filed its Opposition To Plaintiff's Motion To Remand, which the court construes as Defendant's Response ("Def.'s Resp."), on September 2, 1998. Plaintiff filed a Memorandum Of Law In Support Of Motion To Remand, which the court construes as Plaintiff's Reply ("Pl.'s Reply"), on September 10, 1998. Defendant filed a Response In Opposition To Plaintiff's Motion To Remand, which the court construes as Defendant's Surreply ("Def.'s Sur."), on October 1, 1998. After careful consideration of the arguments of counsel, the relevant law, and the record as a whole, the court finds that Plaintiff's Motion To Remand is due to be granted.

### PROCEDURAL HISTORY

Plaintiff commenced this action on June 19, 1998 by filing a ten-count Complaint, on behalf of himself and a putative class, in the Circuit Court of Macon County, Alabama, wherein Plaintiff alleges the following causes of action: fraud-suppression (Counts One and Two); breach of contract (Count Three); breach of trust and fiduciary duty (Count Four); negligence/wantonness (Count Five); outrage (Count Six); theft by deception (Count Seven); unjust enrichment (Count Eight); money had and received (Count Nine); and class action (Count Ten).

Defendant removed this action on July 22, 1998 ("Def.'s Notice of Removal"), pursuant to both diversity jurisdiction, see 28 U.S.C. § 1332, and federal question jurisdiction, see id. § 1331. Plaintiff moved the court to remand the case, claiming that the amount-in-controversy requirement of § 1332 is not satisfied[1] and that his claims are not preempted by federal statute. Defendant contends that the amount in controversy required for diversity jurisdiction (an amount in excess of $75,000) is met for two reasons. First, Defendant argues that Plaintiff cannot, on behalf of a punitive class, waive punitive damages or limit compensatory damages. Second Defendant contends that Plaintiff's claim for attor-

---

1. The court notes it is undisputed that the Parties are diverse.

neys' fees must be included in the amount in controversy and that, "in a common fund class action...the claim for attorney[s'] fees may be aggregated in determining the amount in controversy." (*Id.* at 7.) Defendant also claims that Plaintiff's claims are preempted by federal law.

On January 22, 1998, the court stayed the above-styled action pending resolution by the Eleventh Circuit in *Davis v. Carl Cannon Chevrolet Oldsmobile, Inc.,* No. CV 97–P–2998–J (N.D.Ala. Feb. 18, 1998), *appeal docketed,* No. 98–6567 (11th Cir. 1998). The Eleventh Circuit decided *Davis* on July 26, 1999. *See Davis v. Carl Cannon Chevrolet–Olds, Inc.,* 182 F.3d 792 (11th Cir.1999). Thus, the court find that the stay in the above-styled action is due to be lifted, and that Plaintiff's motion to remand is ripe for consideration.

As explained below, the court disagrees with Defendant and finds that Plaintiff's Motion To Remand is due to be granted. The court further finds that Plaintiff's Motion For Attorneys' Fees is due to be denied.

## DISCUSSION

### I. *PLAINTIFF'S MOTION TO RE-MAND*

#### A. *Diversity Jurisdiction*

Removal of a case from state to federal court is proper if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). A federal district court may assert jurisdiction in a case involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See id.* at § 1332(a). "Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity—every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1359 (11th Cir.1996). Therefore, where the parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state to federal court. *See* 28 U.S.C. § 1332(a).

It is well-settled that the defendant, as the party removing an action to federal court, has the burden to establish federal jurisdiction. *See Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996). Removal statutes must be strictly construed because of the significant federalism concerns raised by removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Seroyer v. Pfizer, Inc.,* 991 F.Supp. 1308, 1312 (M.D.Ala.1997) (De Ment, J.). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Seroyer,* 991 F.Supp. at 1312 (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994)); *see also Shamrock Oil,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; *Diaz,* 85 F.3d at 1505; *Coker v. Amoco Oil Co.,* 709 F.2d 1433 (11th Cir.1983); *Stone v. Williams,* 792 F.Supp. 749 (M.D.Ala.1992).

The Eleventh Circuit has held that, where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy in state court, a defendant must prove to a "legal certainty" that plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns,* 31 F.3d at 1095; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (holding that "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith [and] it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal"). "This heavy burden reflects the notion that plaintiff has the right to choose his own forum, for 'plaintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in con-

troversy.'" *Seroyer,* 991 F.Supp. at 1312 (quoting Charles A. Wright, Arthur R. Miller & Edward H. Cooper, 14A Federal Practice & Procedure § 3702). "If [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." *St. Paul Mercury,* 303 U.S. at 294, 58 S.Ct. 586.

■ However, "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott,* 77 F.3d at 1356–57. In cases where the plaintiff has made such an unspecified damages demand, "a lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Id.*

In the instant case, Plaintiff has made a specific demand for damages less than the jurisdictional amount. Thus, the burden is on Defendant to prove to a "legal certainty" that Plaintiff's claims would not yield a recovery less than the jurisdictional amount.

### 1. *Waiver of Punitive Damages and Limitation of Compensatory Damages*

Plaintiff claims that he explicitly seeks, on behalf of herself and the putative class, only compensatory damages limited to $74,000, which is less than the requisite jurisdictional amount. Specifically, in the prayer for relief contained in each cause of action, the Complaint states: "Plaintiff and members of the class pray judgment against the Defendant seeking only compensatory damages not to exceed Seventy–Four Thousand Dollars ($74,000.00) per class member including interest and cost of Court. Plaintiff and members of the class specifically waive punitive damages." (Compl. at 4, 5, 6, 7, 8, 9, 10, 14.) At the end of the Complaint, Plaintiff further states the following:

NOTWITHSTANDING ANY ALLEGATION MADE WITHIN THIS COMPLAINT, THIS ACTION IS BROUGHT SOLELY PURSUANT TO THE COMMON LAW AND STATUTORY LAW OF THE STATE OF ALABAMA. NO CLAIM IS MADE UNDER OR FOR ANY CAUSE OF ACTION ARISING UNDER THE CONSTITUTION OR LAWS OF THE UNITED STATES OF AMERICA. PLAINTIFF AND MEMBERS OF THE CLASS PRAY JUDGMENT AGAINST THE DEFENDANT SEEKING ONLY COMPENSATORY DAMAGES NOT TO EXCEED SEVENTY–FOUR THOUSAND DOLLARS ($74,-000.00) PER CLASS MEMBER INCLUDING INTEREST AND COST OF COURT. PLAINTIFF AND MEMBERS OF THE CLASS SPECIFICALLY WAIVE PUNITIVE DAMAGES. THIS CLASS IS A MONEY DAMAGE CASE BROUGHT ONLY UNDER RULE 23(B)(3), ALABAMA RULES OF CIVIL PROCEDURE; THEREFORE ANY CLASS MEMBER WHO WISHES TO PURSUE DAMAGES IN EXCESS OF THESE AMOUNTS MAY OPT–OUT AND DO[ ] SO.

(Compl. at 14 (emphasis in original).) Defendant argues that Plaintiff can neither waive recovery of punitive damages nor limit the amount of recovery for compensatory damages on behalf of the putative class.

■ The court finds the case *Hooks v. Associates Fin. Serv. Co.,* 966 F.Supp. 1098 (M.D.Ala.1997), to be instructive on both these issues. In *Hooks,* the plaintiff filed a complaint on behalf of herself and a putative class, wherein the plaintiff stated:

Notwithstanding any allegation contained herein, the Plaintiff and each and every member of the class defined herein expressly waive and forego any claim for punitive damages and limit their claims solely to compensatory damages. The Plaintiff and each class member

also expressly waive any claim for damages over forty-nine thousand dollars ($49,000).

*Id.* at 1099. First, concerning the waiver of punitive damages, the court found such waiver to be valid because "any persons who believed punitive damages would be an appropriate remedy could opt out of the class action and pursue their own remedies." *Id.* (quoting *Quebe v. Ford Motor Co.,* 908 F.Supp. 446, 453 n. 6 (W.D.Tex. 1995)). Likewise, in the instant case, putative class members may opt out of this action to pursue punitive damages. Thus, this court finds, as did the *Hooks* court, that Plaintiff's waiver of punitive damages is valid.

■ Second, the *Hooks* court examined whether the plaintiff could limit recovery of compensatory damages on behalf of the putative class. In concluding that compensatory damages could be so limited, the court looked to the reasoning of *Hall v. ITT Fin. Serv.,* 891 F.Supp. 580 (M.D.Ala.1994), *Reeves v. Discover Card Serv., Inc.,* No. CV–94–U–1450–J, 1994 WL 803274 (N.D.Ala. Aug.1, 1994), and *Seale v. Nissan Motor Acceptance Corp.,* No. 95–1008–BH–M, 1996 WL 539899 (S.D.Ala. Mar.7, 1996). In *Hall,* the court noted that it "should not...force a plaintiff to seek more money than she wants." 891 F.Supp. at 582. *Hall* did not concern a putative class, however. Both *Reeves* and *Seale* concerned class actions, and the courts in each found that compensatory damages could not be waived in situations specifically where punitive damages were sought. *Reeves,* 1994 WL 803274 at *1; *Seale,* 1996 WL 539899 at * 1. From these three findings, the *Hooks* court inferred that, in a class action where punitive damages were *not* sought, compensatory damages could be limited: "since the significant factor of a request for punitive damages, relied on in *Reeves* and *Seale,* is not present in this case, the court finds that the rationale of *Hall* is compelling and the Plaintiff may limit the claims of the class." 966 F.Supp. at 1101. The *Hooks* court again noted that "any putative class members who disagree with the

Plaintiff['s] limitation of damages have the ability to opt out from the class at the appropriate time." *Id.* Adopting the reasoning employed in *Hooks,* the court here finds that, because Plaintiff waives punitive damages, Plaintiff can limit compensatory damages on behalf of the putative class.

### 2. *Prayer for Attorneys' Fees*

Concerning attorneys' fees, the Complaint explicitly states:

TO THE EXTENT THAT ATTORNEY FEES ARE SOUGHT IN THIS CASE, THEY ARE SOUGHT TO BE PAID FROM A COMMON FUND, AND TO REDUCE THE INDIVIDUAL RECOVERY FROM EACH CLASS MEMBER BY THE PROPORTIONAL AMOUNT OF THE FEE AS TO THAT CLASS MEMBER, AND ARE NOT SOUGHT IN ADDITION TO ANY DAMAGES OTHERWISE PLEAD HEREIN.

(Compl. at 14 (emphasis in original).) Defendant argues that the attorneys' fees claim puts the amount in controversy in excess of $75,000. Specifically, Defendant argues that, "[i]n a common fund class action, as this case expressly purports to be, the claim for attorney's fees may be aggregated in determining the amount in controversy." (Def.'s Resp. at 9.) The court disagrees.

■ It is undisputed that any attorneys' fees to be awarded in the above-styled action would be awarded out of a common fund. (Compl. at 14; Resp. at 9.) The Eleventh Circuit recently held that attorneys' fees to be deducted from a common fund may *not,* even if in excess of $75,000, satisfy the amount-in-controversy requirement. *Davis v. Carl Cannon Chevrolet–Olds, Inc.,* 182 F.3d 792, 797 (11th Cir. 1999). In so holding, the Eleventh Circuit stated that "the common-fund attorneys' fee does not represent a collective interest of the plaintiff class, and it is not aggregable." *Id.* Thus, the court here finds that, because any attorneys' fees in the instant

case would be awarded from a common fund, Plaintiff's claim for attorneys' fees does not affect the amount in controversy.

Accordingly, because Plaintiff has explicitly limited the claims of the class members to an amount which is below the jurisdictional amount and has waived punitive damages, and because attorneys' fees to be awarded from a common fund are not part of the amount in controversy, the court finds that Defendant has failed to prove to a legal certainty that Plaintiff's claims will not yield a recovery less than the jurisdictional amount.

## B. *Federal Question Jurisdiction*

Defendant also removed the action on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, claiming that the allegations in Plaintiff's Complaint are completely preempted by provisions of the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1395ss(d)(3)(A) (West.Supp.1997) ("HIPAA" or "the Act"). Specifically, Defendant argues that "Plaintiff's entire lawsuit is based upon the premise that it was unlawful for Combined to sell him a policy because he was covered by Medicare, even though Plaintiff has artfully drafted his Complaint to avoid specifically making such allegations." (Def.'s Resp. at 14.) Plaintiff claims that the Act does not completely preempt his causes of action and does not provide proper grounds for removal. The court agrees with Plaintiff.

Federal question jurisdiction depends on whether the "action aris[es] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, a court must look to the face of the complaint to determine whether a claim "arises under" federal law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Normally, a plaintiff is "master to decide what law he will rely upon," *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913), and " 'may avoid federal jurisdiction by exclusive reliance on

state law' " even though plaintiff's claim may be viable under either state or federal law. *Sexton v. Principal Fin. Group*, 920 F.Supp. 169, 173 (M.D.Ala.1996) (quoting *Caterpillar*, 482 U.S. at 392, 107 S.Ct. 2425); *see also Kenney v. Farmers Nat'l Bank of Opelika, Ala.*, 938 F.Supp. 789, 791 (M.D.Ala.1996). Removal jurisdiction cannot be maintained "simply because a plaintiff could have asserted a federal claim instead of or in addition to the state claim advanced." *Giddens v. Hometown Fin. Servs.*, 938 F.Supp. 801, 804 (M.D.Ala. 1996) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n. 6, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). Moreover, a federal defense is an insufficient basis for removing an action to federal court. *Id.*

An exception to the well-pleaded complaint rule arises where it is Congress' intent that federal law should provide the exclusive avenue of relief in some area of law. *See Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425. Under such circumstances, any claim touching on that area of law will be considered a federal claim. *See id.; Kenney*, 938 F.Supp. at 791. This exception is known as the "complete pre-emption" doctrine and operates to convert any claim purportedly based on state law into a federal claim which arises under federal law. *Caterpillar*, 482 U.S. at 393, 107 S.Ct. 2425.

In determining whether complete preemption exists, three factors are examined. First, the court must look to congressional intent. *See Means v. Independent Life & Accident Ins. Co.*, 963 F.Supp. 1131, 1133 (M.D.Ala.1997) ("the touchstone of the federal district court's removal jurisdiction is...the intent of Congress"). Second, the court must determine whether "the federal law...'displace[s]' the state law claim with a cause of action." *Id.* Third, the federal statute must "reflect a clear Congressional intent to make the preempted state claims removable to federal court," *Wright v. Combined Ins. Co. of Am.*, 959 F.Supp. 356, 362 (N.D.Miss. 1997), akin to the jurisdictional and en-

forcement provisions of the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). *See Means* at 1133.[2]

Defendant points to two portions of the Act in support of its complete-preemption argument. First, the Act states that:

A State may not declare or specify, in statute, regulation, or otherwise, that a health insurance policy (other than a Medicare supplemental policy) or rider to an insurance contract which is not a health insurance policy, that is described in clause (iv), (v), or (vi)(III) and that is sold, issued, or renewed to an individual entitled to benefits under part A or enrolled under part B "duplicates" health benefits under this title or under a Medicare supplemental policy.

42 U.S.C. § 1395ss(d)(3)(A)(viii)(II) ("the first provision"). Second, the Act provides as follows:

(2) LIMITATION ON LEGAL ACTION.—Subject to paragraph (3), no legal action shall be brought or continued in any Federal or State court insofar as such action-

(A) includes a cause of action which arose, or which is based on or evidenced by any act or omission which occurred, during the transition period; and

(B) relates to the application of section 1882(d)(3)(A) of the Social Security Act to any act or omission with respect to the sale, issuance, or renewal of any health insurance policy

that is described in clause (iv) or (v) of such section (as amended by subsection (a)).

(3) DISCLOSURE CONDITION.—In the case of a policy described in clause (iv) of section 1882(d)(3)(A) of the Social Security Act that is sold or issued on or after the effective date of statements under section 171(d)(3)(C) of the Social Security Act Amendments of 1994 and before the end of the 30–day period beginning on the date of the enactment of this Act, paragraphs (1) and (2) shall only apply if disclosure was made in accordance with section 1882(d)(3)(c)(ii) of the Social Security Act (as in effect before the date of the enactment of this Act).

(4) TRANSITION PERIOD.—In this subsection, the term "transition period" means the period beginning on November 5, 1991, and ending on the date of the enactment of this Act.

HIPAA, § 271(c)(2), 1996 U.S.C.C.A.N. (110 Stat.) 1936, 2036 ("the second provision").

■■■■■■ Analyzing the first provision, the court in *Means* found that it did not warrant application of the complete-preemption doctrine. 963 F.Supp. at 1135. First, the court "reviewed the legislative history of HIPAA for evidence of Congressional intent to preempt state law regulation" and found that, while Congress intended regular preemption, Congress did not necessarily intend complete preemption.[3] *Id.* at 1134–35. Second, the court

---

**2.** The jurisdictional and enforcement provision of the LMRA states:

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a)(1994). The relevant provision of ERISA states that "[t]he district courts of the United States shall have jurisdiction, without respect to the amount in controversy or the citizenship of the parties, to grant the

relief provided for in subsection (a) of this section in any action." 29 U.S.C. §.1132(f).

**3.** Complete preemption is distinct from ordinary preemption. The concern in the former is "jurisdictional in nature and focuses on whether Congress intended to make the plaintiff's cause of action federal and removable despite the fact that the plaintiff's complaint only pleads state law claims." *Giddens*, 938 F.Supp. at 805 (citations omitted). In comparison, "[t]he inquiry for ordinary pre-emption is substantive in nature and focuses on whether a legal defense exists." *Id.* (citations omitted). The ordinary preemption inquiry is to be made by a court having jurisdiction. *See id.*

determined that the HIPAA contains no jurisdictional grant similar to that of ERISA or the LMRA. *Id.* at 1135. Thus, the court concluded that "the doctrine of complete preemption does not confer subject matter jurisdiction in the instant case." *Id.*

Analyzing the second provision, the court in *Rodgers v. Independent Life & Accident Ins. Co.,* No. CV 96–B–3024–J, slip op., (N.D.Ala. Apr. 30, 1997), likewise concluded that it did not warrant application of the complete-preemption doctrine. The court determined that, although the language of the second provision "does apparently prohibit a state from declaring that a policy 'duplicates' the benefits provided by Medicare, neither the Act nor the statute as a whole 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.* at 6 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). The court based this conclusion on its findings that: (1) there was no "congressional intent that suits brought under state law be completely preempted by the provisions of § 271 of the Act," *Id.* at 7; and (2) the Act does not contain a jurisdictional provision akin to that found in ERISA or LMRA. *Id.* at 6. *See also Wright,* 959 F.Supp. at 363 (finding that the complete-preemption doctrine did not apply to HIPAA because the requisite congressional intent was lacking and because the relevant provisions related only "to its preemptive effect of state law, but not to the complete preemption factors").

The court here finds the reasoning employed by the courts in *Means, Rodgers,* and *Wright* to be sound and accurate. Applying such reasoning in the instant case, the court likewise finds that the first and second provisions of HIPAA do not call for application of the complete preemption doctrine.

### C. *Conclusion*

Because the court finds that the amount-in-controversy requirement is not satisfied, and because the court finds that Plaintiff's claims are not completely preempted by the HIPAA, the court concludes that Plaintiff's Motion To Remand is due to be granted. In so finding, the court emphasizes that, while it does not call into question the integrity of Plaintiff's damages demands, should Plaintiff disregard said demands and pursue or accept damages in excess of $75,000, then upon application to the court by opposing counsel, an investigation into Plaintiff's representations to this court will be swift in coming. Further, the court forewarns Plaintiff that sanctions, should they be deemed appropriate, will be painful upon arrival.

### II. *PLAINTIFF'S MOTION FOR ATTORNEYS' FEES*

Finally, the court considers Plaintiff's Motion For Attorneys' Fees. Plaintiff claims he is entitled to such an award because "Defendant's removal of this action is improvident and contrary to existing law." (Pl.'s Mot. at 2.) The court disagrees and, as discussed below, finds that Plaintiff's Motion For Attorneys' Fees is due to be denied.

■ In the Judicial Improvements and Access to Justice Act of 1988 ("JIAJA"), Congress greatly expanded the discretion afforded to federal district courts to award costs and attorneys' fees pursuant to 28 U.S.C. §§ 1446 and 1447 where an action has been improperly removed to a federal court. *See* Pub.L. 100–702. As a result of the JIAJA, the amended version of § 1447(c) provides, in relevant part, that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Whether to award attorneys' fees and costs is within the sole discretion of the trial court. *See IMCO USA, Inc. v. Title Ins. Co. of Minn.,* 729 F.Supp. 1322, 1323 (M.D.Fla.1990). Prior to the 1988 amendment to § 1447(c), most courts did not include an award of attorneys' fees for improper removal without a showing of

bad faith because the statute did not mention attorneys' fees as an available remedy to an improper removal. *See Gray v. New York Life Ins. Co.,* 906 F.Supp. 628, 630 (N.D.Ala.1995) (citing *Bucary v. Rothrock,* 883 F.2d 447, 450 (6th Cir.1989)).

█ Subsequent to the amendment, courts have interpreted § 1447(c) to allow broad discretion to a district court when determining whether to award attorneys' fees. *See Gray,* 906 F.Supp. at 631 (citing *Daleske v. Fairfield Communities, Inc.,* 17 F.3d 321, 325 (10th Cir.1994)). The standard that has emerged is whether "the defendants in this action acted reasonably on the basis of the information available at the time of removal." *Howard Griggs Trucking, Inc. v. American Central Ins. Co.,* 894 F.Supp. 1503, 1510 (M.D.Ala.1995) (De Ment, J.). More specifically, even though a defendant may have acted in good faith, a district court may award attorneys' fees against a defendant for improper removal where subject matter jurisdiction is "patently lacking." *See Grace v. Interstate Life & Accident Ins. Co.,* 916 F.Supp. 1185, 1192 (M.D.Ala.1996) (De Ment, J.); *Bedford v. Connecticut Mut. Life Ins. Co.,* 916 F.Supp. 1211, 1217 (M.D.Ala.1996) (De Ment, J.) (finding that "removal jurisdiction was not 'patently lacking' because the issue of whether diversity jurisdiction exists...is far from a simple determination").

█ In this action, the court finds that removal jurisdiction was not "patently lacking" because Defendant acted reasonably on the basis of the information available at the time of removal. Specifically, the court notes that, at the time of removal, the Eleventh Circuit had yet to decide the *Davis* case or rule on the issue concerning whether attorneys' fees from a common fund may constitute the amount in controversy. Additionally, the court notes that the issue concerning the HIPAA and the complete preemption doctrine has only been addressed by three district courts, without any decision from the courts of appeals. Thus, the court finds that Plaintiff's motion for attorneys' fees is due to be denied.

### *ORDER*

Based on the foregoing, it is CONSIDERED and ORDERED that the stay in the above-styled action, entered on January 25, 1999, be and the same is hereby LIFTED.

It is further CONSIDERED and ORDERED that Plaintiff's Motion To Remand be and the same is hereby GRANTED, and that the above-styled action be and the same is hereby REMANDED to the Circuit Court of Macon County, Alabama, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is DIRECTED to take all steps necessary to effectuate said remand.

It is further CONSIDERED and ORDERED that Plaintiff's Motion For Attorneys' Fees be and the same is hereby DENIED.